The petition of the plaintiff for a writ of mandamus will be dismissed.

---

## STREETS AND HIGHWAYS—COUNTY COMMISSIONERS.

[Medina (8th) Circuit Court, October 15, 1903.]

Hale, Marvin and Winch, JJ.

### J. E. Low et al. (Comrs.) v. Peter Leichty et al.

County Commissioners Have no Jurisdiction to Prevent Obstruction of Township Roads.

> County commissioners, being restricted to powers expressly conferred by statute, have no authority to bring an action to restrain persons from obstructing township roads, under Sec. 845 or 863 Rev. Stat., the former authorizing them to bring actions to prevent injury to "public state and county roads," and the latter, to bring suits in certain cases for injuries to "bridges, roads and buildings." Their power as to control of public highways is limited by statute to state and county roads.

Error to the court of common pleas of Medina county.

Licey & Licey, for plaintiffs in error:

A county road may be established by order of the county commissioners in pursuance of the statutes, by prescription, by dedication or upon the principle of estoppel *in pais*. Reed v. Harlan, 2 Re. 553 (3 W. L. M. 632) ; Reed v. Northfield, 30 Mass. (13 Pick.) 94; Steadman v. Southbridge, 34 Mass. (17 Pick.) 162; Hicks v. Fish, 12 Fed. Cas. 116 (4 Mason 310) ; Brownell v. Palmer, 22 Conn. 107; Penquite v. Lawrence, 11 Ohio St. 274; Post v. Pearsall, 22 Wend. [425] 442; Rex v.

Low v. Leichty.

Barr, 4 Camp. 16; Williams v. Presbyterian Soc. 1 Ohio St. 478; Alder men (Mayor) v. United States, 35 U. S. (10 Pet.) 662; Wright v Turkey, 57 Mass. (3 Cush.) 290; Cincinnati v. White, 31 U. S. (6 Pet.) 431; Noyes v. Ward, 19 Conn. 250; Macon (Mayor) v. Franklin, 12 Ga. 239; Cole v. Sprowl, 35 Me. 161; Ingersoll v. Herider, 12 Ohio 527. (Reed v. Harlan, distinguished.)

In Hamilton Co. (Comrs.) v. Noyes, 35 Ohio St. 201, fully covers this. Section 845 Rev. Stat., which was under the old statutes Sec. 7 of an act to "establish boards of county commissioners and prescribe their duties," and on page 207 Judge White goes on to say that "whether the board of county commissioners can maintain an action in their own name or not is to be determined by the nature of the cause of action and their relation to the subject matter out of which it rises, and it seems to us, the true rule is that when a cause of action for the use or benefit of the county arises out of a subject matter within the control of the commissioners, suit may be brought thereon in the name of the board, unless by statute the suit is required to be brought in some other mode. This principle is recognized by the cases already referred to and is well supported by other authorities." Therefore the commissioners having control of the public highways, bridges and ditches of their respective counties has full, entire and complete control over them and has power sufficient to maintain them, bridge them, protect them and prevent injury to all or any public roads, bridges or ditches within their boundaries. Section 863 Rev. Stat., "Commissioners shall bring suit in certain cases for injuries to bridges, roads and buildings," seems to us to be full and complete and applicable to the case at issue. We cite the following cases on this section, to wit, Little Miami Ry. Co. v. Greene Co. (Comrs.) 31 Ohio St. 338.; Citizens' Elec. Ry. Co. v. Commissioners, 56 Ohio St. 1; State v. Railway Co. 36 Ohio St. 434. (This is where an action in equity or restraining order is maintained and enforced.) In further supporting Sec. 845 Rev. Stat., "County commissioners bringing suit arising out of the subject matter," we cite also the following cases in addition to Hamilton Co. (Comrs.) v. Noyes, 35 Ohio St. 201; Shanklin v. Madison Co. (Comrs.) 21 Ohio St. 575; 18 Johns. 406; State v. Orr, 16 Ohio St. 522; Carder v. Fayette Co. (Comrs.) 16 Ohio St. 353; The Levy Court v. Woodward, 69 U. S. (2 Wall.) 501; 4 Hill 136.

Lee Elliott, for defendants in error:

The general authority given to the commissioners by Sec. 845 Rev. Stat. applies only to public state and county roads, etc., which would not

include such a road as described in the petition, as it is not alleged that it is either a state or county road.

Section 863 Rev. Stat. authorizes the commissioners to prosecute an action to recover damages for injuries or obstruction, but does not contemplate an action such as the present for an injunction to restrain threatened injuries or obstructions.

Prior to the enactment of Sec. 863 it was held that the commissioners had no authority to begin suit against persons who had carelessly or willfully destroyed roads or bridges. Gallia Co. (Comrs.) v. Holcomb, 7 Ohio (pt. 1) 232.

Corporations have such powers, and such only, as the act creating them confers; and are confined to the exercise of these expressly granted, and such incidental powers as are necessary to carry into effect those expressly conferred. Straus v. Insurance Co. 5 Ohio St. 59, 60; Gallia Co. (Comrs.) v. Holcomb, 7 Ohio (pt. 1) 232.

Neither a county nor the board of commissioners of a county is a corporation proper; it is at most but a local organization which, for purposes of civil administration, is vested with a few functions characteristic of a corporate existence. But it is an established rule, that a grant of powers to a corporation proper shall be strictly construed; and it seems to us that this rule is at least equally applicable in any inquiry into the powers and capacities of a *quasi* corporation, whose powers and functions are, from their very nature and object, more strictly limited than those of a corporation proper. Hamilton Co. (Comrs.) v. Mighels, 7 Ohio St. 109, 110; State v. Hancock Co. (Comrs.) 11 Ohio St. 183, 190; Delaware Co. (Comrs.) v. Andrews, 18 Ohio St. 49, 64; Mahoning Co. (Comrs.) v. Railway Co. 45 Ohio St. 401, 403 [15 N. E. Rep. 468].

Another objection to the maintenance of this action is that by Sec. 6921 Rev. Stat. the obstruction of a public road or highway is made a criminal offense punishable by a fine of not more than $500, and it is a well established rule that equity will not enjoin torts or crimes. Sparhawk v. Railway Co. 54 Pa. St. 401; Crighton v. Dahmer, 70 Miss. 602 [13 So. Rep. 327; 35 Am. St. Rep. 670, 681]; 16 Am. & Eng. Enc. Law (2 ed.) 363; Sawyer, Ex parte, 124 U. S. 200 [8 Sup. Ct. Rep. 482].

The county commissioners have neither the property, possession, nor right of possession in a public bridge. They have no authority nor control over it, even for the temporary purpose of repair. The most they can do is to appropriate money from the county treasury, and enter into a contract to build or repair a public bridge; but when built or repaired, the possession and control are in the inhabitants of the road district, under the direction and supervision of the supervisor. There is far more reason

for saying the supervisor or the inhabitants of the road district may maintain the action for an injury to the road òr bridge within his district, than to say such right of action is vested in the plaintiffs. Gallia Co. (Comrs.) v. Holcomb, 7 Ohio (pt. 1) 232, 234.

That boards of county commissioners in Ohio have such powers and such only as are conferred by statute, and may maintain such actions and such only as are by statute authorized, is too well established to admit of controversy. Mahoning Co. (Comrs.) v. Railway Co. 45 Ohio St. 401, 403 [15 N. E. Rep. 468].

One reason why equity cannot interfere is that there is a remedy at law, by statute, and we must presume it adequate, for it is what the law has provided and no more. Sparhawk v. Railway Co. 54 Pa. St. 401.

The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of property. Sawyer, Ex parte, 124 U. S. 200 [8 Sup. Ct. Rep. 482].

## WINCH, J.

Plaintiffs in error, as commissioners of Medina county, brought their action against the defendants in error to restrain the latter from obstructing and closing up a road in Guilford township in said county. The petition describes the road as a "public highway, public road and township road," and states that it was dedicated by one John Long in 1836 and presented by him to said Guilford township for public use, and in 1837 was accepted by the trustees of said township as a "public road, public highway and township road." It thus sufficiently appears from the petition that the road is a township road, as distinguished from a state road and a county road, if there is any such distinction.

The defendants filed a general demurrer to the petition, raising the question whether the commissioners could maintain an action to enjoin the obstruction of such a road as is described in the petition. The demurrer was sustained by the court below, and plaintiffs, not desiring to plead further, judgment was entered against them, dismissing their petition.

To reverse this judgment a petition in error has been filed in this court, so that the only question in the case is whether or not, under the petition, any right of action exists in the county commissioners to enjoin obstructions to township roads.

A township road, while it is for the use of all the people and not for the use of the people of the township alone, like a city road, which is for the use of all the people and not for the use of the inhabitants of the city alone, differs from a state road and from a county road, in many impor-

tant respects, as does also a city street. No one would contend for a
moment that the county commissioners have jurisdiction over city streets.
The control of city streets is by statute vested in the municipal authorities.
An examination of the statute shows, that the control of state and county
roads is vested in the county commissioners and the control of township
roads is vested in the township trustees. State and county roads are
established, paid for, improved, altered and vacated by the county com-
missioners. See Chap. 1 (state roads), Title 7, Div. 2, Part Second, Rev.
Stat., and Chap. 2 (county roads), same title. Township roads are estab-
lished, paid for, improved, altered and vacated by the township trustees.
Chapter 3, same title.

The county commissioners have power to levy a tax to provide a
fund for the improvement of state and county roads. (Secs. 2822-1,
2822-2 Rev. Stat.) Township trustees have power to levy a tax to provide
a fund for the improvement of township roads. Sec. 4686-21 Rev. Stat.
The general statutes on the subject of roads above referred to seem to
confer upon the county commissioners no authority to maintain this action
and the Supreme Court has held:

"That boards of county commissioners in Ohio have such powers,
and such only, as are conferred by statute, and may maintain such actions,
and such only, as are by statute authorized, is too well established to admit
of controversy." Mahoning Co. (Comrs.) v. Railway Co. 45 Ohio St. 401
[15 N. E. Rep. 468].

But we are referred to Secs. 845 and 863 Rev. Stat., as specifically
authorizing the bringing of this action. The latter section (863) does
not apply, for it only authorizes the county commissioners to bring suits
in certain cases for injuries to bridges, roads and buildings, and to re-
cover money judgments therefor. It does not authorize the commission-
ers to institute equitable actions to prevent such injuries.

Section 845 Rev. Stat., so far as it is material to the issues in this
case, reads as follows:

"The board of commissioners shall be capable of suing and being
sued, pleading and being impleaded in any court of judicature, *and of
bringing, maintaining and defending all suits, either in law or in equity
involving an injury to any public state or county road, bridge or ditch,
drain or watercourse established by such board in their county, and for the
prevention of injury to the same, and any such board of county commis-
sioners shall be liable in their official capacity for any damages received
by reason of the negligence or carelessness of said commissioners in keep-
ing any such road or bridge in proper repair;* and to ask, demand and re-
ceive, by suit or otherwise, any real estate or interest therein whether th-

' same is legal or equitable, belonging to their county, or any sum or sums of money or other property due to such county."

The words italicized were added by amendment in 1894; the remainder of the statute is an old law.

It is claimed that the words "public state or county road," were intended to cover township roads; that there should be a comma after the word public, which would make three kinds of roads covered by the statute, public roads, state roads and county roads, and 'that such was the purpose of the legislature in amending the law; that "public roads" include township roads. The same argument would make "public roads" include city streets, and we are unable to come to any such conclusion. The real intention of the legislature in amending the law, was to give a right of action against the commissioners for injuries sustained by reason of their negligence in keeping roads and bridges under their control in good repair, and the amendment authorizes suits both by and against the commissioners involving roads and bridges, *"established by such board in their county."*

It would not be urged that the commissioners would be liable to respond in damages should a person be injured by reason of the negligent construction or insufficient repair of a township road, which must be kept in repair by the township authorities. Conversely, they can maintain no action for obstruction or damage to the road.

There was no error in sustaining the demurrer, and the judgment is affirmed.